ED RADFORD v. STATE.

No. A-7883. Opinion Filed May 23, 1931.
(299 Pac. 514.)

Cutlip & Cutlip, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Pottawatomie county of the crime of unlawful possession of a still, and his punishment fixed by the jury at a fine of $50 and imprisonment in the county jail for a period of 30 days.

The evidence of the state was that on the 24th day of March, 1930, they had a search warrant to search the premises occupied by the defendant, and in the search found 150 gallons of mash in vats under the floor; also a gas or coal oil tank, an air tank and pump, some oil burners, a piece of a sack of shorts, about 300 pounds of sugar and two cartons of yeast; that in a small barn about 40 steps from the house they found a copper still which would hold about 150 gallons with a condenser and cooker, and that this still was the kind usually used in the distillation of intoxicating liquor; that defendant's wife was at the place searched; that the defendant was not there, and the officers were unable to arrest him until about a month after the raid; that the officers had a warrant for his arrest, and saw him one time about a week before he was arrested.

Defendant, testifying for himself, admitted that he had rented the place a few days previously, for cash rent, and did not expect to farm the place; he explained his absence by saying that he went down to his farm in Atoka county, and denied that he knew that the tanks or mash was under the floor; denied that he looked into the side room of the house where he moved; denied that he knew there was any shorts or sugar or yeast there; and denied that he had been to the barn or looked into the barn or knew there was any still concealed therein.

Defendant complains of numerous rulings of the trial court, but, when considered together, they all raise but one question; the sufficiency of the evidence.

Where there is any competent evidence in the record to support the verdict of the jury, this court never reverses a case on the ground that the evidence is insufficient.

The evidence being sufficient to support the verdict of the jury, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.